UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JOHNNY G. MCINTYRE** | **CIVIL ACTION NO. 16-517-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **JERRY GOODWIN** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Johnny G. McIntyre ("Petitioner"), pursuant to 28 U.S.C. §2254.[1] This petition was received and filed in this court on April 19, 2016. Petitioner is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He challenges his state court conviction and sentence. He names Jerry Goodwin as respondent.

Petitioner was convicted in the Louisiana Twenty-Sixth Judicial District Court, Parish of Webster in 1979.

In support of this petition, Petitioner alleges the State of Louisiana lacks standing and/or subject matter jurisdiction.

---

[1]Petitioner's petition invokes the jurisdiction of this court pursuant to 28 U.S.C. §2241. Upon examination of McIntyre's petition, it is evident that he was convicted and sentenced in the Louisiana Twenty-Sixth Judicial District Court in 1979. This court will therefore consider his claim as one for relief under 28 U.S.C. §2254 because he seeks to have his conviction and sentence vacated.

For the reasons stated below, Petitioner's application for habeas relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies.[2] See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the

---

[2]Petitioner argues that he is proceeding under Section 2241 and the exhaustion requirement does not apply to his petition. Eligibility to proceed under Section 2241 depends upon the fulfillment of two prerequisites. The statute itself requires that petitioner must be "in custody" in order to seek habeas relief. Once petitioner has met this prerequisite, he must then show that he has exhausted available state remedies. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 433 (1983). The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir. 1987). Even if the court were to consider Petitioner's petition as one proceeding under Section 2241, the exhaustion requirement would still apply.

claim.  See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner admits in his petition that he has not exhausted his available state court remedies as to the claims presented in this petition.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding

under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

    **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 6th day of February, 2017.

Mark L. Hornsby
U.S. Magistrate Judge